The first case of the afternoon is 309-12-47, Eagles v. State of Illinois v. Robert J. Pollitt. On behalf of the State, this is Scott Jacobson, and on behalf of the Attorney-General, this is Michael Gardner. Mr. Jacobson. Thank you. Good afternoon, Your Honors. May it please the Court. Your Honors, in this case, the State is asking this Court to reverse the order of the Circuit Court rescinding the defendant's statutory summary suspension based on two factors. First, that it was made on premise on an erroneous statement of fact made by defense counsel and apparently acquiesced to by everybody involved in the trial court. And second, because it was against the line of authority of statutory summary suspension cases issued not only by this Court, but by the Appellate and Supreme Courts of the State of Illinois. First issue, of course, is the timeline issue. The defendant's attorney came into the trial court and said, essentially on October 16th, that the defendant's statutory summary suspension had gone into effect already, will go into effect that night, or will go into effect sometime soon. Now, we know that the defendant was arrested on September 2nd. Isn't that true? It's true that the defendant's statement... Either it was, it is, or it will be. Those statements are all kind of true. Okay. The problem is, though, that the defendant's attorney runs into court with this argument on October 16th and says, basically in an 11th hour scenario, he says, we've got to act quickly, we've got to rescind the suspension, he's got a CDL, a commercial driver's license, his suspension has already gone into effect, which is his initial statement. And I think that he sort of moved everybody in the trial court, the State included, and the trial court judge into essentially looking to things from a favorable point of view to the defendant. Is this a mutual mistake of fact or a mutual mistake of law? I believe it was both, Your Honor. I believe not only it was a mutual mistake of fact because had everybody consulted the court record, they would have found that the Secretary of State's notice to the defendant states that his summary suspension will not go into effect until October 18th. Now that date, the October 18th date, is premised on a September 2nd notice date to the defendant. Everybody involved in this case, from the State, the defense attorneys, the parties on appeal to the way in which this issue was briefed, has analyzed this issue with respect to the tickets by saying the defendant was arrested on September 2nd. He blew, we know that he blew in the breathalyzer machine at 12.07, as the breath readout ticket shows, on September 3rd. Intuitively, it makes sense that he more than likely was not given notice prior to blowing into the machine. Therefore, the arrest or the proper notice date should in fact be September 3rd. The problem in this case is that the defendant's attorney comes into court and says, not only has the suspension gone into effect or it will go into effect tonight, and the trial court relied on that statement because the trial court in making its ruling says, I'm issuing this order because the defendant's suspension will go into effect tonight on the court date of October 16th. That's a misstatement of fact. Let me tell you how I look at this case, not that you care. I do care, Your Honor, very deeply, in fact. The issue I see, the closer question in this case, in my opinion, is did the trial court err in denying you the right to amend the complaint or amend the motion? In your motion reconsider, you said, can we amend it? And they said no. I mean, I take a look at some of the case law out there, more importantly, people versus Flint. Is the court wrong in allowing you to amend that date? I personally believe so, but, Your Honor, I believe that that consideration only comes up after looking at what occurred on the October 16th date in court. And what I think is wrong with the court's October 16th ruling is this. And naturally, I think this court's going to be asking me, what should the trial court have done? Here's what I submit the trial court should have done. The defendant comes in on October 16th. After he filed his motion for rescission, as he properly should have under the statute, he comes in on October 2nd and obtains a continuance. Nobody disagrees. Then he comes in on October 16th with this 11th-hour scenario that his suspension has or will or is inevitably going to go into effect one day early. What the trial court should have done at that moment is this. Allowed, or should have looked at the defendant's argument and said, that's absolutely right. The defendant has made a prime aphasia showing that there is a defect in the ticket. Now here's what we do. And the state said this. The state said it was willing to bring the officer in to correct any defects in the ticket. They said that at the motion to reconsider, didn't they? No, no. The state said that actually. In point of fact, if you look at the record on C-38, I believe ASA Costello was talking about in regards to the checked, whether or not the box was checked off as to the defendant being served with notice of summary suspension. But I think that holds true equally as well for the date issue. Because we all, I think we all agree, and the parties below agree, that there is a defect in the report. The question is whether or not that's a failed defect or formal defect. A defect that the state could have cured. So are you saying that at that time the ASA said, we want to correct the date? No, he did not. He never said that. And in regards to the box not being checked, I will have the trooper come in here and testify that he personally served the defendant. Because the defendant also made the argument that he was never given notice. Even though on the way back on September 2nd, he surrendered his license to the officer. And we know that because the officer checked that box off. But the issue that the trial court hung his hat on was the date. That's correct, Your Honor. And at no time until the motion to reconsider did the state's attorney's office ask to amend the date, correct? I believe that's technically correct. But here's the way in which I would submit this issue to this court. I believe that in general, in this situation, where you have the defense coming in and making this 11th hour scenario argument, what I think should have happened was this. Cooler heads should have prevailed. And that's exactly what the state's position is here. The defendant, under procedural due process, is entitled to notice and an opportunity to be heard. And the state doesn't seek to deny him that. The state submits that we were denied the opportunity to be heard on this issue. The defendant came into court and, I would concede, made a prima facie case that there was a defect in this ticket. But only as to notice. The only one that anybody recognized was as to notice. Well, I think we're describing two sides of the same coin. We're saying notice in terms of the box being checked off as to whether or not the defendant was served notice there, and notice as to the correct date and whether or not the Secretary of State properly determined the 46 days from the correct date. But we're both, I mean, we're all talking about the same issue, what notice the defendant had. You said the defendant gave up his license on September 2nd. Did you mean that? Yes, Your Honor. He actually, the, what is it, the Warrington Motorist form shows, or at least the officer checked off the box, that the defendant surrendered his driver's license to Trudy Kaczmarek that night. Yeah, well, that's not what I just asked. I'm sorry, Your Honor. Didn't you say it was supposed to be 9-3, not 9-2? That's correct, but apparently... And if the officer marked 9-2, and then I asked you about it, and then you say that night, well, unless we're being hyper-technical, that night is 9-2, because after 12-0... 12-0.001, that is now a.m. the next day of the 3rd. So it appears that there's another defect in addition there, too, and that is he didn't really surrender his license until after the test, or did he surrender his license before the test? Your Honor, that I can't speak to. If you look at page C-5 of the record, which is the, which is part of the sworn report, there's a box that says driver's license surrendered. It doesn't have a date, it doesn't have a time, but it is checked off. I would assume that either in the, I don't know when, in the events of September 2nd or September 3rd... So you just spoke when you said the police officer indicated that he, that the defendant surrendered his license on the 2nd of September. There's a difference, I think, between him physically surrendering his license and the state saying that his license has been suspended for purposes of the Secretary of State. The breathalyzer was administered on September 3rd. Yes, Your Honor, but at least that's what the readout ticket indicates. Right, and the summary suspension was given the date of September 2nd. Right, and I believe that the date was improperly listed as the 2nd, and the officer did not check off the box. But what I'm saying is that neither of those things are fatal. When the defendant came into court and pointed both of these things out, he pushed this until the 11th hour and then said, we have to dismiss because it's the 11th hour and it's going to go into effect. And when I submit to this court as this, when I say Coolerhead should have prevailed, the trial court should have allowed the state to call the officer and make a verified amendment to the report. But the report's already in Springfield. I'm sorry, what's that, Your Honor? The report's already in Springfield.  Did you ask to amend it on that date at that time? Did the state ask to amend it? I think the state evinced a willingness to bring the officer in to correct at least one defect in the report. And another defect had already been identified by the defense. What I submit to Your Honor is that we couldn't be talking about one without talking about the other. We're talking about both defects to notice. I'd have to look at that again, but I thought the only time that the state had asked to amend was after they filed a motion to reconsider. And at that time, they asked you to amend. Well, I think, Your Honor, the only reason why the state would be calling an officer, I mean, in a statutory summary suspension setting, the state is the respondent, not the petitioner. The only reason for the state to be calling a party is because the burden has been cast back now onto the state. So for the state to call the trooper, I don't know what the trooper's testimony would have been. Maybe the trooper would in fact tell us that he had served him. Maybe he had in fact given the defendant notice on September 2nd, and then for some reason the defendant, aided with liquid courage, decided that he was going to blow on the 3rd. Maybe he had actually refused on the 2nd. I don't know, and it's not a record. Okay, so you're saying the burden should have shifted to you and you had the opportunity to put out the report. Right, and we were denied that opportunity. Just as the defendant is given, you know, he's given his opportunity, he's given notice and an opportunity to be heard. And once the burden, when he's given the opportunity to be heard, once the burden shifted to the state, we should have been allowed, as we evinced a willingness to, to call the officer and make corrections to any defects in the sworn report. Now in regards to Justice Hutchinson's question about the fact that the report had already made its way to Springfield, there's a remedy for that too, Your Honor, and it's not rescission. You, Your Honor, wrote an opinion in a case called People v. Wiley, which said essentially that regardless of whether or not the state, regardless of whose burden it is to produce the officer, if the defendant seeks to call the officer or the state seeks to call the officer in response to an argument that the defendant made, it doesn't matter when his suspension period goes into effect. What matters is merely that the defendant is given his due process rights, namely an opportunity to be heard on his claim. If the state's trying to produce the officer, or the state needs to produce the officer in this case, to correct an error or a defect in the report, that's a proceeding entirely in divorce from the administrative procedures of the Secretary of State. I think the proper remedy in this case, if you want to know the truth, the practical remedy in this case would have been for the circuit court to allow the state to come, to bring the officer in, and then we address the issue of whether or not the defendant's suspension was valid or not. That's the real question here. That's what he's challenging. When is this going to happen? Right that day? I'm sorry, what's that? Is it going to happen right that day? I don't know if the state was able to bring the trooper in that day. He brought the trooper in, I thought, at the October 16th hearing. Your Honor, there's nothing in the record that I know that would support that. I would certainly like it if you found that. I don't know where I got that, but I have that October the 16th. No, ASA Tostella does say on page 38 of the record that he will have the trooper come in here and testify that he personally served the defendant. But the state was willing to bring the officer in, and this Court has held that the suspension can go into effect while we're waiting for the trooper to come in. The question is the validity of the suspension. But what you argued in your brief, at least I think you did, or I think I remember that you did, is, well, the Court should have just extended the period to let them get it in. By what authority could the Court have done that? In fact, Your Honor, to the extent that the state argued that, that is a misstatement. In the case called People v. Cronin, this Court was very clear that the Secretary of State's procedures do not allow the trial court to essentially stay any type of proceedings. So to the extent that we argued that, I'd ask you to overlook it. The proper remedy, I have absolutely no judicial experience, as you're well aware. What I think the proper remedy would have been in this case, October 16, 2009 was a Friday. The proper remedy would have been the state bring the officer here and have him testify. On that date? On that date. And if it could not occur on that date, this Court has held that it's not a due process violation, at least a procedural due process violation. And there's no case saying that this... Is there anything in the record to indicate that the state made that representation, that it would in fact bring the trooper in on that date, as opposed to, as you said, cooler heads should prevail and it should be continued? Well, when you said continued, do you mean till the afternoon, or do you mean to the next day, or the next week, or the next month? I submit, Your Honor, that under this Court's case law, it might not matter. I mean, if the trooper's able to come in that day, excellent. If the trooper's not able to come in for another week, that's the hazard that we run in these types of situations. This Court has said that that does not offend due process. Due process gives the defendant an opportunity to be heard on his petition. Due process does not guarantee him the ability to have that hearing before his suspension necessarily goes into effect on the right or wrong date. I don't know that the perspective or the parameters of due process. It would seem to me whether or not something is continued is the exercise of discretion by the trial judge. And I don't know why you're arguing the defendant's due process rights when you represent the State. It would seem to me that the defense counsel should be arguing whether or not his rights have been violated. If the trial court exercised its discretion in favor of the defendant, why would the defendant even make the argument that you're making? Well, I think, Your Honor, the red herring in this case is the defendant's argument that if his suspension did or will or inevitably go into effect one day early, that he somehow suffers prejudice from that situation. Everybody seems to be possessive of that same notion. And when I submit that cooler heads prevail, I suggest that when you look at that argument, it's ultimately a red herring. Well, but the trial judge says there is no other relief that can be given this defendant civilly, he recognizes that, against the Secretary of State or the State Police or the prosecutors because of the 24-hour loss of his privileges to drive. I believe that to be incorrect, and I can tell you exactly why. First of all, that's true, maybe civilly, I think it would be impractical to suggest that the defendant should sue the Secretary of State. But what I think the trial court should have done, which occurs in any number of situations in traffic court, is the trial court judge says, State, get on the phone with the Secretary of State and change the date. You haven't tried to call the Secretary of State lately, have you? I do know they're open on a Saturday. That's the only thing I can say. I mean, regardless of whether or not Jesse White picked up the phone and entered everything into the computer himself, I think the practical remedy here is not rescission. Our Supreme Court in bad out said there are clear legislative objectives behind the summary suspension statute. Rescission should be avoided. It should not be the first resort, it should be the last resort. The same way that this court looks at the suppression of evidence. Here, simply, the costs are too great. Whether or not the defendant's argument about having his driver's license privileges suspended 24 hours early actually holds up, the court should have held the defendant to that argument and allowed the state to respond. Here, the court cut the state off at the pass, despite our willingness to bring the officer in and make a complete record. For those reasons, we would ask this court to overturn the judgment of the circuit court. You'll have an opportunity to make the judgment. Thank you, Your Honor. Mr. Gerger. May it please the Court, Michael Garvey on behalf of the appellee. The state's argument about the rush to judgment or the rush to get a decision, I wish my partner had that much influence over a judge that he could tell me really needs a sitting and gets done. The common law record, which is the back of the court file in DuPage County, reflects that the first court date was actually October 2nd. On October 2nd, the back of the file reflects case continued, motion defended until October 16th for legal argument, and the initials TT, which stands for train or toll. The issue was brought up primarily on October 2nd. It was continued on the defendant's motion until October 16th. And no motion to amend was made on October 2nd by the state when they were made aware of the defect. No motion was made on October 16th. No motion to amend was made on October 23rd. And for that reason, I think People v. Cooper is directly on point. We have the same defect, the exact same defect, in a sworn report. And while the court notes that some people may characterize it as trivial, the nature of the defect, the importance of the notice of summary suspension in a summary suspension hearing is the basic pleading that gets it started. Our argument that that notice was defective is a challenge to the pleading on its face. The state seemed to look for a remedy that the judge could have done something different to prevent this injustice. I submit that there was a very simple remedy the state could have asked for on October 2nd, a simple motion to amend the Scrivener's Error, as they called it, from the trooper. They could have made that same motion on October 16th. But they did make that motion, had the motion to reconsider, and the court denied them that motion, correct? That's correct, but that is after the summary suspension would have started on October 18th. And Palacios, Cooper all referred to an amendment prior to the suspension starting. To allow them to go back and amend it. That's true. Flint, Palacios, Badoon, Cooper, none of them are in a motion to reconsider. So this would be the first case, maybe, the case of first impression with a motion to reconsider. Why is that any different? Well, because the prejudice to the defendant, I mean, when there's a simple remedy for the state, if they would have made the motion on the 2nd or the 16th or even the 23rd, and it's not even raised in a court order that was entered on October 23rd, when the case was continued to November 10th for argument, that the state's motion to amend the date is entered and continued to a future date, there was no motion filed or oral motion filed or anything on the record that indicates the state asked for leave on October 23rd to do that. But in the course of the November 10th motion to reconsider, the prosecutor did move to amend it at that point in time, well after the suspension would have started and would have been, actually was rescinded at that point in time. It's a standard under review. I believe, Judge, whether they committed reversible error in abuse of their discretion in rescinding the suspension. Who's they? I'm sorry, the trial court, Judge. And abuse of discretion in what? In imposing the remedy of rescinding the statutory summary suspension based on the defect pursuant to Peeble v. Cooper  That's your understanding of what the issue on this appeal is? I believe it is. Well, Judge, I believe that people, the state frames it in a different way, but I, as we submit in our brief, that Peeble v. Cooper is directly on point. What about whether or not if the motion to reconsider, the trial court abuses discretion in denying the amendment? Well, Judge, I believe that goes back to Peeble v. Cooper, Palacios, and Finth, that all talk about amendments prior to the suspension being started. There has to be some point where, how long do we let them go to amend it? And this isn't a case of surprise or lack of notice. On October 2nd, the state was aware of it. Clearly, on October 16th, they were aware of the issue. October 16th was still before the suspension started. And as counsel submitted assistance, he said Costello did offer to bring the trooper to correct the defect at the bottom about the notice, which is similar. That defect is the notice, the defect that was in Palacios. The bottom box, it wasn't checked. And if you actually look at the summary suspension in this case, it wasn't checked at the bottom. There was no reference or offer to correct the date of the notice. And it's for the state's argument that maybe the officer actually was going to testify that he did refuse on the 2nd and somehow he got liquid courage and failed the test on the 3rd. The notice of summary suspension is based on his failure of a test. The box is in check that he refused. The scenario that the counsel pointed out could have happened if he would have refused at 11.58 p.m., served a notice of summary suspension on him for the refusal. The notice of summary suspension box is checked based on a failure of a breath test, so clearly there's not a plausible scenario as to what happened. Well, you're just saying his hypothetical is an error or is inconsistent with the factual record. That's what I'm saying. Yes, Your Honor. No, no. First of all, I just want to comment that the cases that you cite, Flint, Cooper, Padute, I don't believe any of them say, you know, you're giving me to amend prior to a motion to reconsider. They don't address a motion to reconsider because a motion to reconsider was never brought up in any of those cases. Correct? That's correct. There was no motion to reconsider brought up. So you're just saying those are cases that don't address a motion to reconsider. But they specifically use the language of that the state prior to the start of the suspension could have moved to amend it. And I think that's very telling that in each of those cases that is the scenario. And in this case, it wasn't even they had one day to do it on the 16th. They clearly could have done it on October 2nd. Whether it was pointed out to them or not on October 2nd, which I, it was pointed out to them on October 2nd, the 16th, any of those dates, even without notice, they could have filed an amended sworn report. In this case, they could have, they were looking to pose a remedy and the trial court, something the trial court could have done differently when a very simple remedy exists for them to make the motion. What is your response to what the state says that they should have allowed, they should have been allowed, once the burden shifted to them, they should have been allowed to put the police officer on at that point. And they were denied that. Well, I don't know that they asked to do that on the 16th or actually move to amend it. If they would have moved to amend it at that point, it's the jurisdictional start of the case. There's not a bail complaint. And as People v. Cooper stated, there was no way the summary suspension could be imposed because by its face, it was facially deficient. So that's the starting point of the case. There was no case that I could have put on that day other than to point out this suspension is improper. Okay. So you put on a case, you say the suspension is improper because this is not checked. Burden shifts. They weren't allowed to put on a case. No, I didn't put it on and say because it wasn't checked. I said that on its face, it indicates that the sworn notice of summary suspension was served on the defendant before he allegedly took a breath test. Okay. I wasn't referring to the box at the bottom where there wasn't a check. Okay. I was referring to the dates and times. All right. So you put on a case, you say the suspension is improper because this is not checked. Burden shifts. Now it's his turn. He wasn't allowed to put on a case. Well, they didn't do that on the 16th. They didn't ask to come in. They didn't ask to amend the scrivener's error. They offered to possibly bring in a trooper at some point, not a specific point, to change the check at the bottom to indicate when it was served. But that would not have cleared the defect in this case, which is the defect in Cooper, that he needed to point out when he actually served the notice of suspension. So are you submitting the officer was not there on the 16th? I was present in the court and my partner in the case. I cannot represent to this court. I don't remember if the trooper was present or not. On October 2nd, there is, in the pleadings we have before us, an indication that it was continued for status and argument to the 16th. Was there a written motion filed addressing this issue, or was it an oral motion? It was an oral motion. What happened, Your Honor, Judge Pierce, who's the presiding judge of the DUI call, was off that day, Judge. Mary Beth O'Connor was hearing two court calls, so this court call was in another courtroom. It was extremely crowded. Myself and Mr. Costello spoke about the case. I raised the argument with him. We agreed to continue it to a date when Judge Pierce was back, and I pointed it out to him. That's why I can use the initials M.O. or Mary O'Connor as the judge that continued it. I believe there's no common law record because we just agreed on the date, put the file up. It was not actually called at that point in time. But there was no written motion that they could respond to? That's correct. There was not a written motion. And I don't know that it's my burden to inform them at that point that it's a defective sworn report. On its face, it's facially invalid. I mean, if they were aware, they knew it was continued for legal argument, and on the 16th, they clearly, I mean, I guess I just keep going back to there was a simple remedy here pursuant to the case law, and the state could have acted on it that would have prevented this whole issue from even coming up. But essentially, the state says you came in on the last minute and raised this argument, and you say, well, no, on October 2nd, we may not have addressed the court with it, but we asked for legal arguments, and that should have cued them that something was coming. Well, for the record, I mean, they were aware of the argument. But even on October 16th, they still had a simple, they didn't ask. If they would have raised an oral motion, I would be in a different position. If they raised an oral motion to amend the date and the notice of summary suspension for the failure of the service of the notice, I don't think I would be standing here today. Now, there is a procedure to do that officially, isn't there, you know, that the record has to come back from Springfield and then it goes back down, but we are within, well, under any circumstance within 24 hours of suspension. In some cases, the Secretary of State actually has caught this defect in the past and sent it back, a notice of defective sworn report which is sent to the client, the clerk of the circuit court, the officer, and the state. It's a defective sworn report. It points out what the defect is. There's a staple cover sheet asking to amend it properly, and they do not enter a suspension until something comes back properly. In this case, the Secretary of State did not catch the error, either error, the fact that the notice of service box wasn't checked or the fact that on its face it was facially invalid. But, I mean, we can't count on the Secretary of State to do that, and in terms of the suspension going into effect, my partner's representations, on the 16th, it was Friday the 16th, the suspension was starting Sunday morning the 18th. I know he didn't intend to misrepresent the date it was starting or anything like this, but at that point it was somewhat moot because there had been no motion to amend it at that point in time. What is the intent of the legislature in the summary suspension? Well, the language that the summary suspension shall start 46 days is because to give an opportunity for a hearing to contest. But I submit the language shall obviously means it should be 46 days. If we go down the slip we saw them saying, well, if they did it in 45 days or 44 days or 43 days, or if they did it earlier, if the officer's going to be on vacation and says, I'm going to give you a notice that your suspension is starting in 30 days so I can cover the case before I go to town, it's just a simple set period that the court has upheld that it's an appropriate period to give the date for the suspension to start. That's the notice he received. That's in the warning to motorists that he was read. That's in the notice of summary suspension he received 46 days from the failure or refusal of a test. And it's just a simple burden to put on the state and the officer to administer that properly. And in failure to do that, there's a simple remedy for them to correct it with a motion to amend. I won't take up all the time unless there's any other questions. My argument just kind of stands right on Cooper, and I think it's directly on point. And the fact that a motion to amend could have been made and wasn't made until the first time on November 10th on a motion to reconsider. Thank you. Thank you. Mr. Jacobson. Yes, Your Honor. Thank you. Your Honors, if defendant thinks that Cooper is, I mean, there's been some argument back and forth, but if defendant thinks that Cooper is the case that wins this forum, I submit that he's sorely mistaken. In Cooper, this court's discussion about what should or should not occur on remand to the trial court indicates, after its discussion in the Badaab case, that it should be remanded for the state to make an amendment to the petition, the petition being the sworn officer's report. Then again, in Fendt, a case where the court granted the, or I'm sorry, found a Scribner's error, actually with similar dates, September 3rd and September 4th, the court found that the Scribner's error was not fatal to the case, denied defendant's petition to rescind. The third district on remand, and this is the situation where the defendant presents only part of the holding of the case in his brief. He says, the Third Circuit found that it must reverse the case, and that's exactly what the Third District found, that they must reverse the case. That's exactly what they did find. But here were their instructions. Per Cooper, similarly here, the relief to which defendant is entitled is only a new hearing, and the state should be given an opportunity to make a verified amendment to the officer's report if it can do so. If such amendment cannot be made, the circuit court must decide the case in favor of defendant. If such amendment is properly made, the circuit court shall renew the question of the propriety of the suspension. The only question before Judge Pierce was the question of the validity of the suspension. The only written motion the defendant filed was a motion challenging, on their statutory grounds, the validity of the suspension. Then on October 16th, defendant comes into court and orally, I would say amends his petition or his motion, but orally makes the due process argument. Now defendant's assertion is, he's the only person who's allowed to make oral motions or oral amendments to petitions before the circuit court. That's just not the case. The state here has an interest as well. And the state's interest, per legislative prerogative, is to remove defendants from the road who blow over a .08 when they allow themselves to submit to breathalyzer testing. The statute in this case is clear and unambiguous, and so is the Illinois Supreme Court's directive in interpreting it. I would have to ask you to clarify what you meant when you, it seemed to me that you were saying that only the defendant has the ability to make motions in the trial court on the 16th and that the state was somehow foreclosed. No, I'm not saying that we were foreclosed. What I'm saying is, I think it's the defendant's position that unless we made the motion orally to amend, that we could, at that particular hearing, we were categorically foreclosed from ever attempting to correct an error in the petition. Well, doesn't the Beidou case say that they could correct a formal defect anytime up to and including the date of the summary hearing? I believe so. I believe that that's what the Illinois Supreme Court said in the case, and I believe that's a situation where the officer does come in and testify at the hearing. I think that's exactly what the state was prohibited from doing in this case. I don't know if the officer was available to testify in this case at the hearing. What type of hearing was it set for on the 16th? It was set for a hearing on the defendant's written motion, which addressed three of the four statutory grounds challenging the validity of the hearing. His argument, I'm sorry, the defendant's argument, that we were somehow on notice to his challenge to the defect in the sworn report, I can't address that. I wasn't in the court. When did you get the written motion? The written motion, I believe, was received September, if I remember correctly, it was September 13th. So then wouldn't it make sense to have the officer there on the 16th to help cure the defect? Well, I believe the written motion from the defendant was received on September 13th. It's a standard form written motion which has the four statutory grounds laid out from Section 218.1, I believe. The defendant checked off three of the four boxes challenging Terry Stott probable cause basis for the arrest and whether or not he had properly been given notice. The due process because my suspension will start 24 hours early argument doesn't appear anywhere else in the record. The only time that comes up is on October 16th when the defendant comes into court and goes, 11th hour, my suspension's going to start early, we have to rescind. There's no line of authority suggesting the rescission was the proper remedy in this case. Is there anything in the record that shows that you were prohibited from making the motion to amend? No, Your Honor, but as I said, in this situation where everybody's scrambling and shuffling around in the hectic nature of a traffic courtroom, I think Coolerhead should have prevailed. I think the trial court clearly could have found that the defendant had met the prime official burden that he has, proved something is wrong with the validity of the sworn officer's report. So in essence, yeah, the trial court should have allowed the defendant to come in and make his oral due process argument about notice. And at that point, the trial court should have said, all right, state, what do we got? Bring the officer in here and let's hear what he has to say. Why does the judge have to tell the state what to do? Because the burden shifted to the state at that point. No, I don't think the trial court has to tell you to do anything. You can stand there with your thumb up here in your mouth if you want. I mean, if you are expecting the trial judge to give you legal advice as to how you should proceed, why don't you pay him? No, Your Honor, it wasn't the situation that we were expecting to hear legal advice. We were expecting to have a hearing. That's what I think we showed up for on October 16th, and that's precisely what we were denied. If you were expecting to have a hearing, where was your police officer? Again, Your Honor, it's at least not of record. I don't know if the officer was subpoenaed for that date, so I'm not going to represent to you that he was available because I don't truly know that. All I know is that the assistant state's attorney who was in the courtroom said, I'll bring him in here. And that this court has said that it's not a due process violation for the suspension to go into effect and for continuance to be held in the trial court while we're waiting for the officer to show up and testify. Therefore, for those reasons, I would submit to you that no due process violation would have occurred. The trial court's remedy was overbroad and speculative at best, and the decision of the circuit court should be overturned. Thank you. Thank you. Take a case under advisement. Take a short recess.